IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-20302 |
| | ) | |
| LOREZNO HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's August 19, 2015 Report and Recommendation (the "Report"). (Report and Rec., ECF No. 34.) The Report recommends that the Court deny the May 7, 2015, Motion to Suppress (the "Motion") by Defendant Lorenzo Howard ("Howard"). (Mot., ECF No. 22.) Howard objected to the Report on September 9, 2015. (Obj., ECF No. 42) The United States does not object. (Notice, ECF No. 35.)

For the following reasons, the Magistrate Judge's Report is ADOPTED in part and the Motion is DENIED.

**I. Background**

On July 29, 2014, Howard was charged by a grand jury with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 1.) In his Motion,

Howard seeks to suppress the firearm, arguing that it was obtained during a search that violated his Fourth Amendment rights. (Mot., ECF No. 22 at 7.)

On July 24, 2015, a hearing on Howard's Motion was held before United States Magistrate Judge Charmiane G. Claxton. (Minutes, ECF No. 32.) At the hearing, Officers Jodi Ledford ("Ledford") and Sammie Wicks ("Wicks") testified for the United States, and Willie Mae Williams ("Williams") and Jeremiah King ("King") testified for Howard. (Report and Rec., ECF No. 34 at 1.) Received into evidence were the affidavit of complaint, the record of arrest, the Background Event Chronology Report prepared by Memphis Police, and a photograph of the apartment where the arrest and search occurred. (Ex. List, ECF No. 33.)

In addition to her proposed findings of fact, the Magistrate Judge proposes in her Report that Howard lacks standing to assert Fourth Amendment rights with respect to the apartment. (Report and Rec., ECF No. 34 at 7.) In the alternative, the Magistrate Judge proposes that the warrantless search was justified by exigent circumstances. (Id. at 12.)

**II. Standard of Review**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United

2

States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Zimmerman v. Cason, 354 F. App'x 228, 230 (6th Cir. 2009). Parties cannot validly object to a magistrate's report without explaining the source of the error. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

**III. Analysis**

**A. Findings of Fact**

The Magistrate Judge observed the demeanor of each of the four witnesses and considered whether their versions of events

3

were plausible and consistent. She determined that the witnesses were all generally credible. (Report and Rec., ECF No. 34 at 1.) Great deference must be given to the Magistrate Judge's determination of the credibility of witnesses. See United States v. Raddatz, 447 U.S. 667, 673-76 (1980). The Magistrate Judge, who "is in the better position to assess the credibility of witnesses [she] sees and hears" than this Court, found the witnesses' testimony credible and consistent. United States v. Robinson, 2007 WL 2138635 (E.D. Tenn. July 23, 2007). See also Raddatz, 447 U.S. at 673-76 (holding that, when reviewing a magistrate judge's credibility determinations on a motion to suppress, the court may accept or reject the magistrate judge's determinations and is not required to exercise its discretion to hold a hearing on contested issues of fact).

One of Howard's objections to the proposed findings of fact centers on whether Williams, the apartment owner, was actually present at the scene. Although the Magistrate Judge found Wicks to be generally credible, she declined to state for the record that he correctly identified Williams in the courtroom, due to an apparent initial misidentification. (Hearing Tr., ECF No. 43 at 38-40.) The phrasing in the Magistrate Judge's Report takes this apparent error into account. In its findings of fact, the Report does not state that Wicks spoke to Williams at the scene.

4

The Report states that Wicks spoke to "a woman who identified herself as the leaseholder, whose name he recalled to be 'Willie Mae.'" (Report and Rec., ECF No. 34 at 5.) The Report later states that "the person identifying herself as the leaseholder [on the scene] advised that Defendant was not supposed to be at the apartment at that time," not that <u>Williams</u> made such an advisement. (<u>Id.</u> at 11.) The Magistrate Judge does not find that Wicks spoke to Williams or that Williams was present.

Howard also objects that some of the Magistrate Judge's findings of fact result in irreconcilable inconsistencies. Howard specifically disputes the events surrounding the police officers' entry into the apartment. The Magistrate Judge states the events as follows:

> Officer Wicks saw the suspect run into an apartment unit, exited his vehicle, went up to the apartment, and encountered a teenager between the ages of twelve and fifteen years old cooking inside the apartment. Officer Ledford saw Officer Wicks <u>running into Apartment Number 5</u> advising the suspect had went in there, and she <u>followed him inside</u>. Officer Wicks then observed the suspect <u>from outside of the apartment</u> through the open door . . . and [observed him] put a handgun under the cushion . . . . [Officer Wicks] <u>did not go in immediately after him</u>. As Officer Ledford <u>was entering</u> Apartment 5 into the kitchen, Officer Wicks yelled 'gun,' at which point they <u>backed out</u> more towards the doorway to regroup and wait on backup to get there.

(Report and Rec., ECF No. 34 at 4 (emphasis added) (quotation marks and internal citations omitted).)

5

The chronology of the paragraph is not entirely clear. Ledford saw Wicks run into the apartment and followed him inside, but Wicks then observed the suspect from outside the apartment. Wicks did not "immediately" go in after the suspect, but Ledford observed Wicks run into the apartment. Wicks observed the gun from outside the apartment and decided to wait on backup, but only after making the contradictory choice of entering the apartment while aware of the gun.

The facts as found are not consistent, and that inconsistency is reflected in the specific times the officers entered the apartment as stated in the Background Event Chronology cited by the Magistrate Judge in her Report. (Report and Rec., ECF No. 34 at 6-7.) As Howard argues in his Objection, the inconsistencies create doubt about whether the testimony of Officers Wicks and Ledford is credible, despite the substantial deference given to the Magistrate Judge's determination otherwise. (Obj., ECF No. 42 at 10-12.) The timing of the officers' entry or search is not ultimately relevant, however, because Howard's Motion fails for lack of standing as a matter of law based on findings of fact that Howard does not dispute.

**B. Conclusions of Law**

As the Sixth Circuit has recognized, "the Supreme Court rejected the concept of 'standing' in Rakas v. Illinois, 439

U.S. 128 (1978)." United States v. Smith, 263 F.3d 571, 581 (6th Cir. 2001). In Rakas, the Supreme Court "'indicated that the matter of standing in the context of searches and seizures actually involved substantive Fourth Amendment law,'" rather than a "'discrete analytic element apart from the merits.'" Id. (quoting United States v. Sanchez, 943 F.2d 110, 113 n. 1 (5th Cir. 1991)). In this case, as in Smith and Sanchez, the Court will use the term "standing" as shorthand to "refer to the threshold substantive determination of whether [Howard] has a reasonable expectation of privacy under the Fourth Amendment." Id.

Howard has the burden of establishing his standing to assert a Fourth Amendment violation. United States v. Ponder, 240 Fed. App'x 17, 19 (6th Cir. 2007). Even after considering Howard's objections to the Magistrate Judge's findings of fact, Howard has not met his burden of establishing standing for Fourth Amendment purposes. Taking only the facts that Howard does not contest as true—in fact, taking only the testimony of his own witnesses as true—Howard has not carried his burden of establishing standing.

It is "well established that a defendant who was arrested in a third party's home and who is challenging the search of that home generally will not have standing to challenge the search." United States v. Ellis, 125 Fed. App'x 691, 695 (6th

Cir. 2005) (citing United States v. Buckner, 717 F.2d 297, 299-300 (6th Cir. 1983)). There are exceptions to this generalization. Howard has not demonstrated that any of the exceptions suggesting a legitimate third-party expectation of privacy applies.

It is undisputed that Howard was not an owner or lessee of the apartment. (Obj., ECF No. 42 at 6.) Although Williams testified that Howard was "free to come and go as he pleased in [her] home," there is no evidence of any regularity in his visits, of how often he visited, or of how much time overall he had spent there. (Hearing Tr., ECF No. 43 at 10.) Williams only states that "he would come and visit . . . sometimes." (Id. at 9.) At best, Williams' testimony establishes that Howard was a "casual, transient visitor," precisely the kind who "does not have a reasonable expectation of privacy in his host's home." United States v. Berryhill, 352 F.3d 315, 317 (6th Cir. 2003) (citing United States v. McNeal, 955 F.2d 1067, 1070 (6th Cir. 1992)); cf. Ellis, 125 Fed. App'x at 696 (finding that the standing requirement was met because the searched location was one of two places at which the defendant typically stayed, including spending several nights there before the search); United States v. Pollard, 215 F.3d 643, 648 (6th Cir. 2000) (finding that the standing requirement was met because the defendant occasionally stayed at the apartment, had spent the

night at the searched location earlier in the week, and kept personal belongings there).

Howard has not offered testimony or evidence that he entered the apartment on July 29, 2014, with the intention of a longer, overnight stay, or indeed for any purpose other than to conceal his weapon and evade police pursuit. Compare Berryhill, 352 F.3d at 317, with Minnesota v. Olson, 495 U.S. 91, 110 (1990).

Howard has not shown that he had the right to exclude others from the apartment, or offered evidence manifesting an intent to exercise that right. United States v. Sangineto-Miranda, 859 F.2d 1501, 1510 (6th Cir. 1988). Wicks testified that he observed "the door get pushed in," and saw damage to the door. (Hearing Tr., ECF No. 43 at 51.) Howard has provided no specific reason to discredit that testimony, claiming only that all of Officer Wicks' testimony was "unreliable" based on Wicks' potential misidentification of Williams. (Mot., ECF No. 22 at 11.) Even if Wicks' testimony were disregarded, Howard has provided no evidence that he possessed a key, locked the apartment door behind him, or otherwise attempted to exercise a right of exclusion.

Howard has established, through the testimony of Williams, that he had a relationship with the apartment owner. Where "there are no facts other than [the movant's] relationship to

9

the occupant of the apartment which would show that he had standing to challenge the search," the movant has failed to carry his burden. Buckner, 717 F.2d at 300. Without more, Howard's casual, transient visits—with no evidence of an intent to stay overnight, personal belongings, possession of a key, or the right to exclude others—do not create a legitimate expectation of privacy in the apartment. The police search of the apartment was constitutionally permissible, and the evidence resulting from that search should not be suppressed. The Magistrate Judge's findings and conclusions addressing Howard's standing to assert a Fourth Amendment violation are ADOPTED.

IV. **Conclusion**

For the foregoing reasons, the Magistrate Judge's Report is ADOPTED in part and the Motion is DENIED.

So ordered this 8th day of October, 2015.

/s Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE